**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | |
|---|---|---|
| CBD INDUSTRIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| MAJIK MEDICINE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

<u>**EXHIBIT C**</u>

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1957 (Rev 10/2011)
OMB No. 0651-0050 (Exp 07/31/2017)

# Response to Office Action

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 86914580 |
| **LAW OFFICE ASSIGNED** | LAW OFFICE 108 |
| **MARK SECTION** | |
| MARK | https://tmng-al.uspto.gov/resting2/api/img/86914580/large |
| LITERAL ELEMENT | CBD MD |
| STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| MARK STATEMENT | The mark consists of standard characters, without claim to any particular font style, size or color. |
| **OWNER SECTION (current)** | |
| NAME | Majik Medecine, LLC |
| STREET | 629 Village Lane South |
| CITY | Mandeville |
| STATE | Louisiana |
| ZIP/POSTAL CODE | 70471 |
| COUNTRY | United States |
| PHONE | 985-259-5040 |
| EMAIL | XXXX |
| **OWNER SECTION (proposed)** | |
| NAME | Majik Medicine, LLC |
| STREET | 629 Village Lane South |
| CITY | Mandeville |
| STATE | Louisiana |
| ZIP/POSTAL CODE | 70471 |
| COUNTRY | United States |
| PHONE | 985-259-5040 |
| EMAIL | XXXX |
| **ARGUMENT(S)** | |

REMARKS The examiner is thanked for acknowledging that the Office?s database contains no conflicting marks preventing registration. SECTION 2(e)(1) Merely Descriptive Rejection The examiner has concluded that the applicants mark is merely descriptive of the goods. The applicant respectfully disagrees that the mark taken as a whole would be considered merely descriptive. However the applicants have amended this registration to the supplemental registrar and thus this issue is now effectively moot (although the applicant may still submit arguments and evidence TMEP 816.04). DISCLAIMER The applicant has submitted a disclaimer herewith disclaiming the exclusive right to use the term

CBD apart from the mark as a whole. IDENTIFICATION OF GOODS The Identification of goods for class 3 and 5 have been amended in accordance with the examiner?s suggestion. International Class 35 has been cancelled in this response. ADDITIONAL INFORMATION The examiner has indicated that the applicant must submit additional information about the goods and/or services. See 37 C.F.R. ??2.61(b), 2.69; In re Stellar Int?l, Inc., 159 USPQ 48, 50-52 (TTAB 1968); TMEP ??814, 907. As noted above the goods sold under this mark are directed towards goods in International Class 3: Skin and body topical lotions, creams and oils for cosmetic use; all of the aforementioned containing CBD, and goods in International Class 5: Medicinal creams for skin care; Medicinal herbal preparations; Medicinal oils; Herbs for medicinal purposes; all of the aforementioned containing CBD. The details of these goods can be seen in the labels in the attached specimens also concurrently submitted herewith. CBD has well established antioxidant and anti-inflammatory properties, which properties alone have made CBD particularly well suited for use in skin care products. The politics of CBD have yielded a proliferation of ?studies? both for and against CBD, and other hemp based products, and delving into the plethora of these discussions is not particularly relevant here, although proponents of CBD will list advantages of CBD skin care products far exceeding those tied to its known antioxidant and anti-inflammatory properties. STATEMENT OF COMPLIANCE WITH FEDERAL LAW Pursuant to the examiner?s request the applicant hereby submits a written statement indicating that all the goods identified in the application do and will comply with relevant federal law, including the Controlled Substances Act (CSA), 21 U.S.C. ??801-971. See 37 C.F.R. ?2.69; TMEP ?907. The examiner is correct that the CSA prohibits, among other things, manufacturing, distributing, dispensing, or possessing certain controlled substances, including marijuana and marijuana-based preparations. 21 U.S.C. ??812, 841(a)(1), 844(a); see also 21 U.S.C. ?802(16) (defining ?[marijuana]?). The CSA also makes it unlawful to sell, offer for sale, or use any facility of interstate commerce to transport drug paraphernalia, i.e., ?any equipment, product, or material of any kind which is primarily intended or designed for use in manufacturing, compounding, converting, concealing, producing, processing, preparing, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance, possession of which is unlawful under [the CSA].? 21 U.S.C. ?863. As the examiner has noted, marijuana is currently listed as a Schedule I narcotic under the federal Controlled Substances Act, meaning the federal government believes it to be a dangerous drug with no recognized medical benefit (a conclusion many have argued against). Consequently, any CBD derived from marijuana violates the federal Controlled Substances Act. Hemp, on the other hand, is more complicated. The DEA defines hemp as the parts of the cannabis plant excluded from the Controlled Substances Act, namely the mature stalks and seeds. To legally grow cannabis in the U.S. ? hemp or not ? the grower must possess a permit from the DEA, and consequently, cultivating hemp without a permit remains a federal crime. However there is, currently, an exception is the 2014 federal farm bill, which defines ?industrial hemp? as cannabis that contains less than 0.3 percent THC by weight, and which allows state departments of agriculture, universities, and colleges to cultivate industrial hemp for educational and research purposes without a DEA permit. Despite the prohibition on hemp cultivation without a DEA-issued permit, it is not a violation of the federal Controlled Substances Act to purchase, sell, and possess processed hemp products. In the 2005 case of Hemp Industries Association v. Drug Enforcement Administration, the Ninth Circuit held that the DEA had gone beyond its mandate in attempting to regulate all products containing any amount of THC because ?Congress did not regulate non-psychoactive hemp in Schedule I.? The Ninth Circuit further held that ?[t]he DEA?s action is not a mere classification of its THC regulations; it improperly renders naturally-occurring non-psychoactive hemp illegal for the first time.? The court concluded that Congressional intent was, ?unambiguous? with regard to the regulation of non psychoactive hemp,? and ruled that the DEA ?cannot regulate naturally-occurring THC not contained within or derived from marijuana ? i.e., non-psychoactive hemp products-because non-psychoactive hemp is not included in Schedule I.? As a result of the Hemp Industries Association case, companies and individuals may freely sell CBD derived from processed hemp (not from marijuana), imported from outside the U.S., or from growers exempted from DEA permits or from those with DEA permits. The CBD of the applicant?s goods is appropriately sourced such that that all the goods identified in the application do and will comply with relevant federal law, including the Controlled Substances Act (CSA), 21 U.S.C. ??801-971. WRITTEN RESPONSES - ?Do applicant?s identified goods, or the goods featured in the applicant?s services, contain marijuana, marijuana-based preparations, or marijuana extracts or derivatives, synthetic marijuana, or any other illegal controlled substances?? The applicant?s identified goods do not contain marijuana, marijuana-based preparations, or marijuana extracts or derivatives, synthetic marijuana, or any other illegal controlled substances. - ?Is the CBD in the applied-for goods, and the goods featured in the applicant?s services, derived from marijuana or from industrial hemp?? The CBD in applicant?s identified goods are derived from industrial hemp. - ?Are the applicant?s goods/services lawful pursuant to the Controlled Substances Act?? The applicant?s identified goods do not contain marijuana, marijuana-based preparations, or marijuana extracts or derivatives, synthetic marijuana, or any other illegal controlled substances, as CBD in applicant?s identified goods are derived from industrial hemp and applicant?s identified goods are lawful pursuant to the Controlled Substances Act. MISC The applicant has corrected a typo regarding their name in this response as well.

## GOODS AND/OR SERVICES SECTION (003)(current)

| INTERNATIONAL CLASS | 003 |
| --- | --- |

| DESCRIPTION | |
| --- | --- |

Skin and body topical lotions, creams and oils for cosmetic use

| FILING BASIS | Section 1(b) |
| --- | --- |

## GOODS AND/OR SERVICES SECTION (003)(proposed)

| INTERNATIONAL CLASS | 003 |
| --- | --- |

| TRACKED TEXT DESCRIPTION | |
| --- | --- |

Skin and body topical lotions, creams and oils for cosmetic use; all of the aforementioned containing CBD

| | |
|---|---|
| **FINAL DESCRIPTION** | |
| Skin and body topical lotions, creams and oils for cosmetic use; all of the aforementioned containing CBD | |
| **FILING BASIS** | Section 1(b) |

### GOODS AND/OR SERVICES SECTION (005)(current)

| | |
|---|---|
| **INTERNATIONAL CLASS** | 005 |
| **DESCRIPTION** | |
| Medicinal creams for skin care; Medicinal herbal preparations; Medicinal oils; Herbs for medicinal purposes | |
| **FILING BASIS** | Section 1(b) |

### GOODS AND/OR SERVICES SECTION (005)(proposed)

| | |
|---|---|
| **INTERNATIONAL CLASS** | 005 |
| **TRACKED TEXT DESCRIPTION** | |
| Medicinal creams for skin care; Medicinal herbal preparations; Medicinal oils; Herbs for medicinal purposes; all of the aforementioned containing CBD | |
| **FINAL DESCRIPTION** | |
| Medicinal creams for skin care; Medicinal herbal preparations; Medicinal oils; Herbs for medicinal purposes; all of the aforementioned containing CBD | |
| **FILING BASIS** | Section 1(b) |

### GOODS AND/OR SERVICES SECTION (035)(class deleted)

### ADDITIONAL STATEMENTS SECTION

| | |
|---|---|
| **DISCLAIMER** | No claim is made to the exclusive right to use CBD apart from the mark as shown. |
| **SUPPLEMENTAL REGISTER** | The applicant seeks registration of the mark on the Supplemental Register (i.e., a change of the words 'Principal Register' to 'Supplemental Register'). NOTE: The applicant has separately filed an Allegation of Use, to change the basis of this application from Section 1(b), intent-to-use, to Section 1(a), use in commerce. |

### NEW ATTORNEY SECTION

| | |
|---|---|
| **NAME** | Blynn L. Shideler |
| **FIRM NAME** | The BLK Law Group |
| **INDIVIDUAL ATTORNEY DOCKET/REFERENCE NUMBER** | Majik-1601 |
| **INTERNAL ADDRESS** | Suite 200 |
| **STREET** | 3500 Brooktree Road |
| **CITY** | Wexford |
| **STATE** | Pennsylvania |
| **ZIP/POSTAL CODE** | 15090 |
| **COUNTRY** | United States |
| **PHONE** | 724-934-5450 |
| **FAX** | 724-934-5461 |
| **EMAIL** | Blynn@BLKLawGroup.com |
| **AUTHORIZED EMAIL COMMUNICATION** | Yes |

### CORRESPONDENCE SECTION

| | |
|---|---|
| **ORIGINAL ADDRESS** | MAJIK MEDECINE, LLC<br>MAJIK MEDECINE, LLC<br>629 VILLAGE LANE SOUTH<br>MANDEVILLE<br>Louisiana<br>US<br>70471 |

| NEW CORRESPONDENCE SECTION | |
|---|---|
| **NAME** | Blynn L. Shideler |
| **FIRM NAME** | The BLK Law Group |
| **DOCKET/REFERENCE NUMBER** | Majik-1601 |
| **INTERNAL ADDRESS** | Suite 200 |
| **STREET** | 3500 Brooktree Road |
| **CITY** | Wexford |
| **STATE** | Pennsylvania |
| **ZIP/POSTAL CODE** | 15090 |
| **COUNTRY** | United States |
| **PHONE** | 724-934-5450 |
| **FAX** | 724-934-5461 |
| **EMAIL** | Blynn@BLKLawGroup.com;Blynn@BLKLawGroup.com |
| **AUTHORIZED EMAIL COMMUNICATION** | Yes |

| SIGNATURE SECTION | |
|---|---|
| **RESPONSE SIGNATURE** | /Blynn L. Shideler/ |
| **SIGNATORY'S NAME** | Blynn L. Shideler |
| **SIGNATORY'S POSITION** | Attorney of Record, PA Bar Memmber |
| **SIGNATORY'S PHONE NUMBER** | 724-934-5450 |
| **DATE SIGNED** | 12/14/2016 |
| **AUTHORIZED SIGNATORY** | YES |

| FILING INFORMATION SECTION | |
|---|---|
| **SUBMIT DATE** | Wed Dec 14 19:07:46 EST 2016 |
| **TEAS STAMP** | USPTO/ROA-XXX.XXX.XXX.XX-<br>20161214190746486699-8691<br>4580-5701fb5ec1c45feb8e07<br>c24a36e1b56245c7674c14f9d<br>e9f2f716538a399a0ce-N/A-N<br>/A-20161214185552202557 |

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1957 (Rev 10/2011)
OMB No. 0651-0050 (Exp 07/31/2017)

**Response to Office Action**

**To the Commissioner for Trademarks:**

Application serial no. **86914580** CBD MD(Standard Characters, see https://tmng-al.uspto.gov/resting2/api/img/86914580/large) has been amended as follows:

**ARGUMENT(S)**
**In response to the substantive refusal(s), please note the following:**

REMARKS The examiner is thanked for acknowledging that the Office?s database contains no conflicting marks preventing registration. SECTION 2(e)(1) Merely Descriptive Rejection The examiner has concluded that the applicants mark is merely descriptive of the goods. The applicant respectfully disagrees that the mark taken as a whole would be considered merely descriptive. However the applicants have amended this registration to the supplemental registrar and thus this issue is now effectively moot (although the applicant may still submit arguments and evidence TMEP 816.04). DISCLAIMER The applicant has submitted a disclaimer herewith disclaiming the exclusive right to use the term CBD apart from the mark as a whole. IDENTIFICATION OF GOODS The Identification of goods for class 3 and 5 have been amended in accordance with the examiner?s suggestion. International Class 35 has been cancelled in this response. ADDITIONAL INFORMATION The examiner has indicated that the applicant must submit additional information about the goods and/or services. See 37 C.F.R. ??2.61(b), 2.69; In re Stellar Int?l, Inc., 159 USPQ 48, 50-52 (TTAB 1968); TMEP ??814, 907. As noted above the goods sold under this mark are directed towards goods in International Class 3: Skin and body topical lotions, creams and oils for cosmetic use; all of the aforementioned containing CBD, and goods in International Class 5: Medicinal creams for skin care; Medicinal herbal preparations; Medicinal oils; Herbs for medicinal purposes; all of the aforementioned containing CBD. The details of these goods can be seen in the labels in the attached specimens also concurrently submitted herewith. CBD has well established antioxidant and anti-inflammatory properties, which properties alone have made CBD particularly well suited for use in skin care products. The politics of CBD have yielded a proliferation of ?studies? both for and against CBD, and other hemp based products, and delving into the plethora of these discussions is not particularly relevant here, although proponents of CBD will list advantages of CBD skin care products far exceeding those tied to its known antioxidant and anti-inflammatory properties. STATEMENT OF COMPLIANCE WITH FEDERAL LAW Pursuant to the examiner hereby submits a written statement indicating that all the goods identified in the application do and will comply with relevant federal law, including the Controlled Substances Act (CSA), 21 U.S.C. ??801-971. See 37 C.F.R. ?2.69; TMEP ?907. The examiner is correct that the CSA prohibits, among other things, manufacturing, distributing, dispensing, or possessing certain controlled substances, including marijuana and marijuana-based preparations. 21 U.S.C. ??812, 841(a)(1), 844(a); see also 21 U.S.C. ?802(16) (defining ?[marijuana]?). The CSA also makes it unlawful to sell, offer for sale, or use any facility of interstate commerce to transport drug paraphernalia, i.e., ?any equipment, product, or material of any kind which is primarily intended or designed for use in manufacturing, compounding, converting, concealing, producing, processing, preparing, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance, possession of which is unlawful under [the CSA].? 21 U.S.C. ?863. As the examiner has noted, marijuana is currently listed as a Schedule I narcotic under the federal Controlled Substances Act, meaning the federal government believes it to be a dangerous drug with no recognized medical benefit (a conclusion many have argued against). Consequently, any CBD derived from marijuana violates the federal Controlled Substances Act. Hemp, on the other hand, is more complicated. The DEA defines hemp as the parts of the cannabis plant excluded from the Controlled Substances Act, namely the mature stalks and seeds. To legally grow cannabis in the U.S. ? hemp or not ? the grower must possess a permit from the DEA, and consequently, cultivating hemp without a permit remains a federal crime. However there is, currently, an exception is the 2014 federal farm bill, which defines ?industrial hemp? as cannabis that contains less than 0.3 percent THC by weight, and which allows state departments of agriculture, universities, and colleges to cultivate industrial hemp for educational and research purposes without a DEA permit. Despite the prohibition on hemp cultivation without a DEA-issued permit, it is not a violation of the federal Controlled Substances Act to purchase, sell, and possess processed hemp products. In the 2005 case of Hemp Industries Association v. Drug Enforcement Administration, the Ninth Circuit held that the DEA had gone beyond its mandate in attempting to regulate all products containing any amount of THC because ?Congress did not regulate non-psychoactive hemp in Schedule I.? The Ninth Circuit further held that ?[t]he DEA?s action is not a mere classification of its THC regulations; it improperly renders naturally-occurring non-psychoactive hemp illegal for the first time.? The court concluded that Congressional intent was, ?unambiguous? with regard to the regulation of non psychoactive hemp,? and ruled that the DEA ?cannot regulate naturally-occurring THC not contained within or derived from marijuana ? i.e., non-psychoactive hemp products-because non-psychoactive hemp is not included in Schedule I.? As a result of the Hemp Industries Association case, companies and individuals may freely sell CBD derived from processed hemp (not from marijuana), imported from outside the U.S., or from growers exempted from DEA permits or from those with DEA permits. The CBD of the applicant?s goods is appropriately sourced such that that all the goods identified in the application do and will comply with relevant federal law, including the Controlled Substances Act (CSA), 21 U.S.C. ??801-971. WRITTEN RESPONSES - ?Do applicant?s identified goods, or the goods featured in the applicant?s services, contain marijuana, marijuana- based preparations, or marijuana extracts or derivatives, synthetic marijuana, or any other illegal controlled substances?? The applicant?s identified goods do not contain marijuana, marijuana-based preparations, or marijuana extracts or derivatives, synthetic marijuana, or any other illegal controlled substances. - ?Is the CBD in the applied-for goods, and the goods featured in the applicant?s services, derived from marijuana or from industrial hemp?? The CBD in applicant?s identified goods are derived from industrial hemp. - ?Are the applicant?s goods/services lawful pursuant to the Controlled Substances Act?? The applicant?s identified goods do not contain marijuana, marijuana-based preparations, or marijuana extracts or derivatives, synthetic marijuana, or any other illegal controlled substances, as CBD in applicant?s identified goods are derived from industrial hemp and applicant?s identified goods are lawful pursuant to the Controlled Substances Act. MISC The applicant has corrected a typo regarding their name in this response as well.

**CLASSIFICATION AND LISTING OF GOODS/SERVICES**

**Applicant hereby deletes the following class of goods/services from the application.**
Class 035 for On-line wholesale store services featuring cosmetic and herbal products; On-line wholesale store services featuring cbd sales

**Applicant proposes to amend the following class of goods/services in the application:**
**Current:** Class 003 for Skin and body topical lotions, creams and oils for cosmetic use
Original Filing Basis:
**Filing Basis: Section 1(b), Intent to Use:** *For a trademark or service mark application:* As of the application filing date, the applicant had a bona fide intention, and was entitled, to use the mark in commerce on or in connection with the identified goods/services in the application. *For a collective trademark, collective service mark, or collective membership mark application:* As of the application filing date, the applicant had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce by members on or in connection with the identified goods/services/collective membership organization. *For a certification mark application:* As of the application filing date, the applicant had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce by authorized users in connection with the identified goods/services, and the applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant.

**Proposed:**
**Tracked Text Description:** Skin and body topical lotions, creams and oils for cosmetic use; all of the aforementioned containing CBD

Class 003 for Skin and body topical lotions, creams and oils for cosmetic use; all of the aforementioned containing CBD
**Filing Basis: Section 1(b), Intent to Use:** *For a trademark or service mark application:* As of the application filing date, the applicant had a bona fide intention, and was entitled, to use the mark in commerce on or in connection with the identified goods/services in the application. *For a collective trademark, collective service mark, or collective membership mark application:* As of the application filing date, the applicant had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce by members on or in connection with the identified goods/services/collective membership organization. *For a certification mark application:* As of the application filing date, the applicant had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce by authorized users in connection with the identified goods/services, and the applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant.

**Applicant proposes to amend the following class of goods/services in the application:**
**Current:** Class 005 for Medicinal creams for skin care; Medicinal herbal preparations; Medicinal oils; Herbs for medicinal purposes
Original Filing Basis:
**Filing Basis: Section 1(b), Intent to Use:** *For a trademark or service mark application:* As of the application filing date, the applicant had a bona fide intention, and was entitled, to use the mark in commerce on or in connection with the identified goods/services in the application. *For a collective trademark, collective service mark, or collective membership mark application:* As of the application filing date, the applicant had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce by members on or in connection with the identified goods/services/collective membership organization. *For a certification mark application:* As of the application filing date, the applicant had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce by authorized users in connection with the identified goods/services, and the applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant.

**Proposed:**
**Tracked Text Description:** Medicinal creams for skin care; Medicinal herbal preparations; Medicinal oils; Herbs for medicinal purposes; all of the aforementioned containing CBD

Class 005 for Medicinal creams for skin care; Medicinal herbal preparations; Medicinal oils; Herbs for medicinal purposes; all of the aforementioned containing CBD
**Filing Basis: Section 1(b), Intent to Use:** *For a trademark or service mark application:* As of the application filing date, the applicant had a bona fide intention, and was entitled, to use the mark in commerce on or in connection with the identified goods/services in the application. *For a collective trademark, collective service mark, or collective membership mark application:* As of the application filing date, the applicant had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce by members on or in connection with the identified goods/services/collective membership organization. *For a certification mark application:* As of the application filing date, the applicant had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce by authorized users in connection with the identified goods/services, and the applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant.

**APPLICANT AND/OR ENTITY INFORMATION**
**Applicant proposes to amend the following:**

**Current:** Majik Medecine, LLC, a limited liability company legally organized under the laws of Louisiana, having an address of
    629 Village Lane South
    Mandeville, Louisiana 70471
    United States

    XXXX (not authorized)
    985-259-5040
**Proposed:** Majik Medicine, LLC, a limited liability company legally organized under the laws of Louisiana, having an address of
    629 Village Lane South
    Mandeville, Louisiana 70471
    United States
    XXXX (not authorized)
    985-259-5040

**ATTORNEY ADDRESS**
Applicant proposes to amend the following:
**Proposed:**
Blynn L. Shideler of The BLK Law Group, having an address of
Suite 200 3500 Brooktree Road Wexford, Pennsylvania 15090
United States
Blynn@BLKLawGroup.com
724-934-5450
724-934-5461
The attorney docket/reference number is Majik-1601 .


**CORRESPONDENCE ADDRESS CHANGE**
Applicant proposes to amend the following:
**Current:**
MAJIK MEDECINE, LLC
MAJIK MEDECINE, LLC
629 VILLAGE LANE SOUTH
MANDEVILLE
Louisiana
US
70471

**Proposed:**
Blynn L. Shideler of The BLK Law Group, having an address of
Suite 200 3500 Brooktree Road Wexford, Pennsylvania 15090
United States
Blynn@BLKLawGroup.com;Blynn@BLKLawGroup.com
724-934-5450
724-934-5461
The docket/reference number is Majik-1601 .


**ADDITIONAL STATEMENTS**
**Disclaimer**
No claim is made to the exclusive right to use CBD apart from the mark as shown.


**Supplemental Register**
The applicant seeks registration of the mark on the Supplemental Register (i.e., a change of the words 'Principal Register' to 'Supplemental Register'). NOTE: The applicant has separately filed an Allegation of Use, to change the basis of this application from Section 1(b), intent-to-use, to Section 1(a), use in commerce.


**SIGNATURE(S)**
**Response Signature**

Signature: /Blynn L. Shideler/     Date: 12/14/2016
Signatory's Name: Blynn L. Shideler
Signatory's Position: Attorney of Record, PA Bar Memmber

Signatory's Phone Number: 724-934-5450

The signatory has confirmed that he/she is an attorney who is a member in good standing of the bar of the highest court of a U.S. state, which includes the District of Columbia, Puerto Rico, and other federal territories and possessions; and he/she is currently the owner's/holder's attorney or an associate thereof; and to the best of his/her knowledge, if prior to his/her appointment another U.S. attorney or a Canadian attorney/agent not currently associated with his/her company/firm previously represented the owner/holder in this matter: (1) the owner/holder has filed or is concurrently filing a signed revocation of or substitute power of attorney with the USPTO; (2) the USPTO has granted the request of the prior representative to withdraw; (3) the owner/holder has filed a power of attorney appointing him/her in this matter; or (4) the owner's/holder's appointed U.S. attorney or Canadian attorney/agent has filed a power of attorney appointing him/her as an associate attorney in this matter.

Mailing Address:    Blynn L. Shideler
   The BLK Law Group
   Suite 200
   3500 Brooktree Road
   Wexford, Pennsylvania 15090

Serial Number: 86914580
Internet Transmission Date: Wed Dec 14 19:07:46 EST 2016
TEAS Stamp: USPTO/ROA-XXX.XXX.XXX.XX-201612141907464
86699-86914580-5701fb5ec1c45feb8e07c24a3
6e1b56245c7674c14f9de9f2f716538a399a0ce-
N/A-N/A-20161214185552202557