# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# Case No. 3:21-CV-069-RJC-DCK

| | |
|---|---|
| CBD INDUSTRIES, LLC<br><br>    Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>MAJIK MEDICINE, LLC<br><br>    Defendant, Counterclaimant and Third-Party Plaintiff,<br><br>v.<br><br>cbdMD, Inc.<br><br>    Third-Party Defendant. | **BRIEF IN SUPPORT OF MOTION TO DISMISS** |

CBD Industries, LLC ("CBD Industries") and cbdMD, Inc. (together with CBD Industries, "cbdMD"), by and through its undersigned counsel, submits this Brief in Support of Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully seeking dismissal of each of Majik Medicine LLC's ("Majik") first amended counterclaims and third-party claims against cbdMD: (1) for trademark infringement under the Lanham Act (Count I); (2) for common law trademark infringement (Count II); (3) for false designation of origin and false description under the Lanham Act (Count III); (4) for cyber-piracy under the Lanham Act (Count IV); (5) for statutory unfair competition under N.C. Gen. Stat. § 75-1.1 (Count V); and (6) for common law unfair competition (Count VI). (*See* First Am. Counterclaims [Doc. 31] ¶ 5.)

The Court should dismiss all six of Majik's counterclaims. Majik cannot assert a valid claim for trademark infringement because Majik's trademark is unlawful because it was filed at a time when its cannibidiol usage was unlawful and incapable of forming the basis for the registration. And even if such a mark was lawful (it was not), both of Majik's trademark claims (Counts I and II) are insufficiently pled as mere conclusory allegations, and also fail to plausibly allege that a likelihood of confusion could exist between Majik's mark and cdbMD's marks. The Court should also dismiss Majik's false designation of origin, false description, and false advertising claims (Count III) because Majik fails to plausibly allege consumer confusion or identify a single false representation on behalf of cbdMD that would mislead consumers and give rise to a viable cause of action. With respect to its cyber-piracy claim (Count IV), Majik has failed to allege that cbdMD registered its domain www.cbdmd.com in bad faith. Finally, the Court should dismiss Majik's unfair competition claims (Counts V and VI) because cbdMD had an objectively reasonable basis to seek cancellation of Majik's ill-gotten mark.

**INTRODUCTION**

cbdMD's mission is enhance overall quality of life while bringing cannabidiol ("CBD") education, awareness, and accessibility to all. cbdMD is a publically-traded company founded in 2015 that sells THC-free products including oils, gummies, topicals, sleep aids, bath products, botanicals, and pet products online and in retail stores throughout the United States.

In April 2019, CBD Industries, LLC brought a cancellation proceeding (No. 92071109) against Majik's U.S. Registration No. 5,173,264 for CBD MD, which was registered on the Supplemental Register in March 2017. In April 2021, following cbdMD's motion to stay the proceeding, the Trademark Trial and Appeal Board ("TTAB") suspended that cancellation proceeding pending the outcome of this civil action. (38 TTABVUE at 5.) With this action, CBD

Industries seeks similar relief from this Court, including the cancellation of Majik's Registration No. 5,173,264 for CBD MD because, among other reasons, Majik's use of the CBD MD Mark in connection with the relevant products was unlawful as of the date of its alleged first use.[1] *See Gray v. Daffy Dan's Bargaintown*, 823 F.2d 522, 526 (Fed. Cir. 1987) ("A valid application cannot be filed at all for registration of a mark without 'lawful use in commerce'").

In response to CBD Industries' Complaint, Majik filed a Third-Party Complaint, adding CBD Industries' corporate-parent (cbdMD, Inc.) as a Third-Party Defendant, and asserted six counterclaims against the two entities. (Doc. 19). cbdMD then filed a Motion to Dismiss each of these six counterclaims. (Doc. 25.) In response to that Motion to Dismiss, Majik filed a First Amended Answer, Defenses, Counterclaims, and Third-Party Complaint ("First Am. Counterclaims" [Doc. 31].)

But as explained below, the Court should dismiss Majik's six counterclaims because they are deficient and are nothing more than an improper attempt to shift liability to cbdMD when no factual or legal basis exists for this tactic. It is therefore apparent that Majik has inappropriately attempted to "turn the tables" on CBD Industries in a misguided effort to improve its perceived bargaining position concerning the CBD MD Mark. Therefore, for the reasons set forth below, the Court should dismiss each of Majik's Counterclaims.

## SUMMARY OF MAJIK'S COUNTERCLAIMS

Majik asserts six counterclaims against cbdMD: (1) for trademark infringement under the Lanham Act (Count I); (2) for common law trademark infringement (Count II); (3) for false designation of origin and false description under the Lanham Act (Count III); (4) for cyber-piracy

---

[1] In its First Amended Answer, Defenses, Counterclaims, and Third-Party Complaint (Doc. 31), Majik effectively concedes the merit of CBD Industries' claim for cancellation by alleging that it first used the CBD MD Mark in commerce on February 21, 2016. (First Am. Counterclaims [Doc. 31] ¶¶ 15-21.)

under the Lanham Act (Count IV); (5) for statutory unfair competition under N.C. Gen. Stat. § 75-1.1 (Count V); and (6) for common law unfair competition (Count VI). (*See* First Am. Counterclaims [Doc. 31] ¶ 5.)[2]

The core allegations in support of Majik's federal trademark infringement claim (Count I) span only seven paragraphs and are devoid of any specific factual support. Majik first alleges that cbdMD's goods "substantially overlap with the goods sold" by Majik under its CBD MD Mark, and that those goods directly compete. (First Am. Counterclaims [Doc. 31] ¶¶ 97-98.) Majik does not allege that its use or intent-to-use its mark was lawful at the time of registration. Majik alleges that the trademarks "CBDMD, cbdMD, CBDMD SYNERGY, SYNERGY CBDMD, CBDMD PREMIUM CBD OIL, and CBDMD PREMIUM": (1) have "substantially the same sound and visual depiction" as Majik's CBD MD Mark; (2) are "similar in both connotation and commercial impression"; (3) share "nearly identical" channels of trade; and (4) create the same commercial impression. (First Am. Counterclaims [Doc. 31] at ¶¶ 99-102.) Majik thus conclusorily alleges that cbdMD's use of these allegedly infringing marks is without Majik's consent and likely to cause confusion in the relevant public as to the source of the goods or imply an association between Majik and cbdMD. (First Am. Counterclaims [Doc. 31] ¶ 103.)[3]

Majik's false advertising claim (Count III) is based on allegations that cbdMD, Inc. has made unsubstantiated claims about its products. (First Am. Counterclaims [Doc. 31] ¶¶ 75, 130-31.) Majik alleges that: "Upon information and belief, the Parent Corporation has publically made

---

[2] In this paragraph, Majik's First Amended Counterclaims also refers to a Count VII for common law fraud. (First Am. Counterclaims [Doc. 31] ¶ 5.) However, no such claim is actually asserted in Majik's First Amended Counterclaims. This references therefore appears to be in error.

[3] These allegations are repeated in corresponding paragraphs in support of Majik's common law infringement claim (Count II). (First Am. Counterclaims [Doc. 31] ¶¶ 112-119) Majik's counterclaim for statutory unfair competition (Count V) is also premised in part on a likelihood of confusion. (First Am. Counterclaims [Doc. 31] ¶ 150.)

4

claims that its CBD Products could (i) boost brain power, (ii) slow aging, (iii) battle cancer, (iv) improve digestive function, (v) combat allergies, (vi) ease the side effects of menopause, and (vii) minimize hangover symptoms. Upon information and belief, these claims have been made in at least publicly available blog posts and/or product descriptions. There is, as of the filing date of these amended counterclaims, no credible medical or scientific substantiation for any of these claims." *Id.* ¶ 75. Majik, however, does not explain what was false about any of cbdMD's advertising or specify the audience for any advertisements, but instead alleges only that "[t]hese claims have been made in at least publicly available blog posts and/or product descriptions." (First Am. Counterclaims [Doc. 31] ¶ 130.) The misleading claims allegedly made by cbdMD themselves are not identified, quoted, or specified. (First Am. Counterclaims [Doc. 31] ¶ 130.)[4] In fact, in an apparent concession that it lacks any factual basis or identification of any false advertising beyond mere general and categorical terms, Majik acknowledges these allegations are mere conjecture premised "upon information and belief." (First Am. Counterclaims [Doc. 31] ¶ 75.)

In support of its cyber-piracy claim (Count IV), Majik alleges that cbdMD, Inc. registered the domain www.cbdmd.com in bad faith and with the intent to profit from Majik's CBD MD Mark. (First Am. Counterclaims [Doc. 31] ¶ 142.) Majik does not allege any facts in support of this Counterclaim to support this claim. (*See generally* First Am. Counterclaims [Doc. 31] ¶ 138-146.) Majik then incorporates by reference all its prior allegations into its unfair competition claim,

---

[4] In support of its Counterclaim Count III, Majik purports to identify two other separate and independent legal bases that supposedly support its claim. (First Am. Counterclaims [Doc. 31] ¶¶ 125-129.) The first legal basis is premised on a likelihood of confusion. (First Am. Counterclaims [Doc. 31] ¶¶ 125-126). The second is premised on cbdMD's use of the domain name www.cbdmd.com. (First Am. Counterclaims [Doc. 31] ¶¶ 127-129.) These allegations are duplicative of those alleged in support of Majik's Counterclaim Counts I-II and IV.

5

in yet another effort to prop up a claim lacking any factual support (Count V). (First Am. Counterclaims [Doc. 31] ¶¶ 147-154.) In fact, the only additional allegation underlying Count V is Majik's allegation that Plaintiff CBD Industries initiated its cancellation proceeding against Majik at the U.S. Trademark Trial and Appeal Board in bad faith. (First Am. Counterclaims [Doc. 31] ¶ 155.) In support of its common law unfair competition claim (Count VI), Majik then incorporates en masse the "anticompetitive acts" identified above. (First Am. Counterclaims [Doc. 31] ¶ 160.) In sum, the Court should dismiss all of Majik's counterclaims.

## ARGUMENT

The Court should dismiss Majik's counterclaims for at least four reasons. First, Majik's trademark infringement claims rely on an unlawful trademark and are otherwise based on nothing more than conclusory and formulaic recitations of the elements of an infringement claim, which fail to satisfy the pleading standard set by the Fourth Circuit.

Second, Majik's false advertising claim is premised on a supposed "lack of substantiation" for claims cbdMD supposedly made about its own products, which is not actionable under the Lanham Act. Further, Majik has also failed to plead any specific facts in support of its false advertising claim, including *how* the false claims were made, *when* and even *what* the contents of those claims actually are, or any injury to Majik proximately caused by cbdMD.

Third, Majik's cyber-piracy claim is implausible on its face. Indeed, Majik altogether fails to allege any facts that would indicate a bad-faith intent to profit from Majik's trademarks. Majik also fails to allege any facts in support of its claim that its trademark was distinctive or famous at the time cbdMD registered its www.cbdmd.com domain.

Fourth, Majik's unfair competition claims should be dismissed because CBD Industries' cancellation proceeding was objectively reasonable, and Majik's allegations as to CBD Industries' "subjective mental state" are legally irrelevant.

For all of these reasons, the Court should dismiss Majik's Counterclaim Counts I-VI for failure to state a claim.

I. **The Court should dismiss Majik's trademark infringement claims because they are based on an invalid trademark and supported by nothing more than conclusory allegations.**

The Court should dismiss Majik's trademark infringement claims because they are either premised on an unlawfully granted mark, or otherwise rely on nothing more than conclusory, formulaic allegations. Majik does not possess a valid trademark registration because the registration was based on the sale of products that were unlawful under the Food, Drug and Cosmetic Act and the Controlled Substances Act. (*See* Compl. [Doc. 1] ¶¶ 30-50; *see also* First Am. Counterclaims [Doc. 31] ¶¶ 10, 14, 18.) Majik filed its application for registration on February 21, 2016. (First Am. Counterclaims [Doc. 31] ¶ 10.) At that time, filing an application with the intent to use that mark in connection with cannabidiol and/or cannabis products was unlawful. (*See* Compl. [Doc. 1] ¶¶ 30-50.) An unlawful use cannot be used to establish a trademark priority claim in the cannabis field (even when that usage may be legal under state law) or result in a valid registration. *See, e.g.*, *Gray*, 823 F.2d at 526 ("A valid application cannot be filed at all for registration of a mark without 'lawful use in commerce'"); *Kiva Health Brands LLC v. Kiva Brands Inc.*, 402 F. Supp. 3d 877, 888 (N.D. Cal. 2019) ("The illegality doctrine thus poses great, possibly insurmountable, problems for the marijuana industry. So long as marijuana remains illegal under federal law, marijuana businesses cannot demonstrate that they are engaged in lawful commerce, and their applications for trademarks are now routinely denied....") (quoting Trademark Laundering, Useless Patents, and Other IP Challenges for the Marijuana Industry, 73

7

Wash. & Lee L. Rev. 217, 219 (2016)). Thus, Majik's federal trademark infringement claim is based on a legal fallacy given that it cannot possess a valid trademark registration for CB MD, and therefore, cannot assert a valid trademark infringement claim.

Furthermore, the Court should dismiss Majik's trademark infringement claims because they merely assert conclusory allegations insufficient to establish a cognizable cause of action. A "conclusory and 'formulaic recitation' of the elements of a trademark infringement cause of action is insufficient to survive a motion to dismiss." *All-U-Need Temp. Servs. Inc. v. First Transit, Inc.*, No. CIVA DKC 09-3229, 2010 WL 2560089, at *4 (D. Md. June 18, 2010) (quoting *Hensley Mfg., Inc., v. ProPride, Inc.* 579 F.3d 603, 611 (6th Cir. 2009)). Therefore, where a claimant fails to allege plausible facts that would indicate that consumers are likely to be confused by a defendant's actual use of a trademark, dismissal is appropriate. *See, e.g., JTH Tax LLC v. DM3 Ventures, Inc.*, No. 3:20CV176, 2020 WL 6551214, at *7 (E.D. Va. Nov. 6, 2020) (dismissing trademark infringement claim for failure to allege sufficient facts indicating confusion); *Prasad v. City of Richmond*, No. 3:17CV39, 2018 WL 3016288, at *5 (E.D. Va. June 15, 2018) (same); *Myung Ga, Inc. v. Myung Ga of MD, Inc.*, No. CIV.A. DKC 10-3464, 2011 WL 3476828, at *5 (D. Md. Aug. 8, 2011) (same). Federal courts across the country have accordingly dismissed trademark infringement claims supported only by conclusory allegations or mere legal conclusions couched as factual allegations. *See, e.g.*, *D.B.C. Corporation v. Nucita Venezolana, C.A.*, 2020 WL 2850277 (S.D. Fla. 2020); *Lopez v. Bonanza.com, Inc.*, 2019 WL 5199431, *13 (S.D. N.Y. 2019); *Dow Jones & Co., Inc. v. Int'l Securities Exchange, Inc.*, 451 F.3d 295, 307–308 (2d Cir. 2006).

Here, Majik does not allege any specific facts concerning the nine likelihood-of-confusion factors that this Court would analyze in a trademark infringement case. *See Grayson O Co. v. Agadir Int'l LLC*, No. 3:13-CV-00687-MOC, 2015 WL 7149935, at *3 (W.D.N.C. Nov. 13, 2015),

*aff'd*, 856 F.3d 307 (4th Cir. 2017) (identifying the nine factors). For example, apart from noting the usage of CBD MD, Majik ignores how the stylized usage of its trademark is different than cbdMD's trademarks and create a different impression from cbdMD's usage. (First Am. Counterclaims [Doc. 31] ¶ 99.) This is especially true given that CBD Industries provided evidence in its Complaint as to how Majik has advertised its products in the past:



(Compl. [Doc. 1] ¶ 16.) CBD Industries also attached to its Complaint the specimen that Majik provided to the USPTO, alleging showing use of its CBD MD Mark:



(**Ex. D.** to Compl. [Doc. 1-4] at p. 9.) Majik's CBD MD Mark and usage in commerce is thus strikingly *dissimilar* in terms of sight and commercial impression as compared to cbdMD's trademarks, which, as can be seen on cbdmd.com, are presented cleanly and in a distinctive blue font:



9

Therefore, like the claimant in *Myung*, Majik " fails to allege any facts . . . that show similarities between its trademarks and [cbdMD's] trade name, signage, and advertising." *See* 2011 WL 3476828, at *5; *see also Lopez v. Nike, Inc.*, No. 20CV905PGGJLC, 2021 WL 128574, at *12 (S.D.N.Y. Jan. 14, 2021), *report and recommendation adopted*, No. 20CIV905PGGJLC, 2021 WL 2207451 (S.D.N.Y. Feb. 16, 2021) (dismissing trademark infringement claim because "the two marks . . . are too dissimilar in overall impression, including pronunciation, origin, and meaning, for the Court to conclude that [claimant] has stated a claim."). Majik also fails to address how the presence of the additional terms SYNERGY and PREMIUM, which cbdMD uses in combination with CBD MD in some of its marks, do not distinguish those marks in terms of sound and appearance from Majik's mark. (First Am. Counterclaims [Doc. 31] ¶ 99.) In all, Majik has failed to plead any legitimate plausible facts in support of its trademark infringement claims sufficient to survive a motion to dismiss. *See Southgate v. Facebook, Inc.*, No. 117CV648AJTIDD, 2017 WL 6759867, at *4 (E.D. Va. Nov. 14, 2017), *aff'd*, 714 F. Appx. 301 (4th Cir. 2018) (dismissing trademark infringement claim for failure to state a claim, in part, because "the Complaint fails to allege facts that make plausible that . . . there is any threat of confusion by the consuming public" on the basis of similarity).

Nor does Majik allege any facts concerning its manner of advertising, who its customers are, or how it distributes its products. Majik does not allege that was or could have been any consumer overlap between its consumers in Louisiana and those of cbdMD. Majik presents no allegations of actual confusion, and Majik does not allege any facts to support its conclusory allegation that cbdMD intended to infringe on Majik's trademarks. (Pl.'s First Am. Counterclaims [Doc. 31] ¶ 104.); *see Southgate*, 2017 WL 6759867, at *4 ("[T]he Complaint contains no substantive allegations regarding the Defendants' intent to infringe on his mark."); *Myung*, 2011

WL 3476828, at *5 ("Plaintiff does not allege that there has been any actual confusion. Nor does Plaintiff explain *how* Defendants use the marks and how such use might create a similar impression to Plaintiff's mark.") (emphasis in original). Indeed, if the similarity of Majik's marks and cbdMD's marks were as similar as Majik seems to suggest, surely there should have been at least a singular identifiable instance of actual consumer confusion that Majik could identify. Majik's omission of such an allegation is telling in that it is unlikely that any consumers have or could be confused by cbdMD's marks, given their stark visual differences.

Therefore, like the claimant in *JTH Tax*, Majik has not alleged any facts concerning "the similarity of advertising used by the markholders" or how cbdMD's "use [of its marks] in [their] entirety creates a likelihood of confusion." *See* 2020 WL 6551214, at *6-7. Majik therefore "does not sufficiently allege any plausible facts to show" that cbdMD uses its marks "in a manner likely to confuse consumers." *See id.* at *7. Rather, Majik relies on conclusory and formulaic recitations of the elements of a trademark infringement claim, which is insufficient to survive a motion to dismiss. *See id.* Accordingly, Majik cannot assert plausible claims for "Mark Based violations of 15 U.S.C. § 1125" and "Identify and Domain Name Based violations of 15 U.S.C. § 1125" because those claims are similarly premised on implausible and unspecified allegations of a likelihood of confusion. (*See* First Am. Counterclaims [Doc. 31] ¶¶ 125-29.) For at least these reasons, Majik's trademark infringement claims (Counts I and II) and parallel claims under § 1125 (Count III) should be dismissed. *See id.*

**II.     The Court should dismiss Majik's false advertising claim because it is premised on a lack of substantiation and does not satisfy Rule 9(b) or Rule 8.**

Majik's false advertising claim (Count III) is based on an allegation that cbdMD made unsubstantiated claims about its products. First Am. Counterclaims [Doc. 31] ¶¶ 75, 130-31. The counterclaim fails as a matter of law because the Lanham Act does not apply to claim

11

substantiation. Further, the counterclaim lacks any factual allegations that would be necessary to satisfy Rule 9(b) or Rule 8.

It is well established that a false advertising claim under the Lanham Act cannot be proven when there is a "lack of substantiation." *See, e.g., Caltex Plastics, Inc. v. Elkay Plastics Co., Inc.*, No. 212CV10033RSWLJEMX, 2015 WL 13283255, at *5 (C.D. Cal. Feb. 4, 2015), *aff'd*, 671 F. Appx. 538 (9th Cir. 2016) (collecting cases); *see also Precision IBC, Inc. v. PCM Cap., LLC*, No. CIV.A. 10-0682-CG-B, 2011 WL 2728467, at *2 (S.D. Ala. July 12, 2011) (collecting cases). Were it otherwise, a plaintiff could use a false advertising claim to "shoehorn an allegation of violation of the Federal Trade Commission Act," which does not allow for a private cause of action. *See Caltex*, 2015 WL 13283255, at *5 (citing *Fraker v. Bayer Corp.*, No. 08–1564, 2009 WL 5865687, at *7–9 (E.D. Cal. Oct. 6, 2009)). Majik's lack of claim substantiation counterclaim brought under the Lanham Act is barred as a matter of law and should be dismissed.

In addition, Majik's counterclaim fails because it does not contain any factual allegations to support a violation of the Lanham Act and is defective under Rules 8 and 9(b). As an initial matter, courts have held that false advertising claims under 15 U.S.C. § 1125 must satisfy Rule 9(b) and be pled with specificity. *See, e.g., Nutrition & Fitness, Inc. v. Mark Nutritionals, Inc.*, 202 F. Supp. 2d 431, 434–35 (M.D.N.C. 2002) (collecting cases); *see also Trident Prod. & Servs., LLC v. Canadian Soiless Wholesale, Ltd.*, No. 3:10CV877-HEH, 2011 WL 2938483, at *2–4 (E.D. Va. July 19, 2011). Rule 9(b) imposes a heightened pleading standard on a false advertising claim and requires that the claim identify "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *See Mark Nutritionals,* 202 F. Supp. 2d at 434–35 (quoting *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776 (4th Cir. 1999)); *see also MGA Ent., Inc. v. Dynacraft BSC, Inc.*, No. 2:17-CV-

08222-ODW-KS, 2018 WL 2448123, at *5 (C.D. Cal. May 30, 2018) (bare allegations of false advertising fail to state a plausible claim with particularity under Lanham Act). Accordingly, this Court should adopt the same heightened standard that other courts have when assessing false advertising claims under Rule 9(b).

Regardless, even if the Court decides not to utilize Rule 9(b)'s heightened pleading standard, Rule 8 bars Majik's false advertising claim. To state a claim for relief under Rule 8, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1) & (2). The factual allegations must also "be enough to raise a right to relief above the speculative level." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint therefore must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, Majik's allegations fail to sufficiently allege a false advertising claim because that claim lacks the required substantiation, is merely speculative, and consequently fails as a matter of law. (First Am. Counterclaims [Doc. 31] ¶¶ 75, 130-132.); *Caltex,* 2015 WL 13283255, at *5. Majik has also failed to allege that the allegedly "unsubstantiated claims regarding [Majik's] CBD Products" are false or misleading. *See Secret of the Islands, Inc. v. Hymans Seafood Co.*, Inc., No. 2:17-CV-342-BHH, 2019 WL 917209, at *13 (D.S.C. Feb. 25, 2019) (dismissing false advertising claim because claimant did not allege that the key measurement was inaccurate) (First Am. Counterclaims [Doc. 31] ¶ 131.)

In addition, Majik's allegations lack specific factual support to survive a motion to dismiss. For example, Majik has failed to allege with any specificity *whatsoever* the "time, place, and specific content of the false representations, the identities of the parties to the misrepresentation, and what about the statement is claimed to be misleading." *See Mark Nutritionals,* 202 F. Supp.

13

2d at 434–35. Majik alleges only that cbdMD made unidentified claims in "at least publicly available blog posts and/or product descriptions." (First Am. Counterclaims [Doc. 31] ¶¶ 130-132.) And Majik explicitly premises its allegations in support of this claim "on information and belief," but does not cite to or attach a single blog post or product description to its Counterclaims that would support this claim. (First Am. Counterclaims [Doc. 31] ¶ 75.) These allegations therefore fail under both the heightened standard under Rule 9(b) and under Rule 8. *See Virginia Transformer Corp. v. Ebbert*, No. 7:18-CV-00143, 2019 WL 1415467, at *4 (W.D. Va. Mar. 28, 2019) (without specific facts, allegations based on "information and belief" "veer away from supporting plausible inferences") (citing *Carter v. Va. Dep't of Game & Inland Fisheries*, 2018 WL 3614975, at *9 (E.D. Va. July 27, 2018)). In fact, if Majik's allegations are premised on publically available blog posts and product descriptions, there is no excuse as to why Majik would merely reference these on speculative "information and belief." While a plaintiff may plead facts "on information and belief" when the plaintiff is in a position of uncertainty or the information is controlled by the defendant, that is not the case here. Majik's allegations are directed towards "publicly available blog posts and/or product descriptions." *See Carter*, 2018 WL 3614975, at *9.

Therefore, Majik fails to identify any specific claims cbdMD is alleged to have made, when those claims were made, and in what contexts. There is no allegation of any injury to Majik proximately caused by cbdMD. On their own terms, Majik's allegations are thus insufficiently indefinite and vague, alleging that the claims could have been made in "at least" blog posts "and/or" product descriptions. (First Am. Counterclaims [Doc. 31] ¶¶ 130-132.) As a result, cbdMD is not on fair notice of the allegations against it, and it cannot fashion an appropriate defense against these allegations. *See Green v. Brock & Scott, PLLC*, No. 3:19-CV-00075-KDB, 2019 WL 3783309, at *5 (W.D.N.C. Aug. 12, 2019), *aff'd in part, appeal dismissed in part and*

14

*remanded sub nom. Green v. Wells Fargo Bank, N.A.*, 790 F. App'x 535 (4th Cir. 2020). For at least these reasons, Majik's Counterclaim Count III for false advertising should be dismissed.[5]

### III. Majik's cyber-piracy claim is facially implausible and Majik fails to adequately allege facts to support its claim that its mark is distinctive or famous.

To prevail on a cyber-piracy claim under the Lanham Act, a plaintiff must show (1) that its trademark was distinctive at the time of the defendant's registration of the domain name; (2) that the domain name registered by the defendant was identical or confusingly similar to the trademark; and (3) that the defendant used or registered the domain name with a bad faith intent to profit. *See Crossfit, Inc. v. 5280 Realty, Inc.*, 157 F. Supp. 3d 954, 957–58 (D. Colo. 2016) (citing *Utah Lighthouse Ministry v. Found. for Apologetic Info. & Research*, 527 F.3d 1045, 1057 (10th Cir. 2008)); *see also Automobili Lamborghini SpA v. Lamboshop, Inc.*, No. 2:07-CV00266JESSPC, 2008 WL 2743647, at *4 (M.D. Fla. June 5, 2008), *report and recommendation adopted as modified,* No. 2:07-CV-266FTM29SPC, 2008 WL 2743643 (M.D. Fla. July 10, 2008).

Here, Majik does not allege a date on which cbdMD registered the accused domain, and thus fails to allege that its trademark was distinctive at the time cbdMD registered the accused domain name. Majik also fails to allege facts showing bad faith under the Lanham Act's statutorily-enumerated factors. *See* 15 U.S.C. § 1125(d)(1)(B)(i). Nor could it: cbdMD did not register the www.cbdmd.com domain name with the intent to profit from Majik's trademark. cbdMD instead registered the domain because it is the name of cbdMD's enterprise and a brand for which cbdMD possesses extensive trademark rights. Majik also fails to allege any facts to support its claim that

---

[5] To the extent Majik's Counterclaim Count III is based on a likelihood of confusion or on cbdMD's use of the domain name www.cbdmd.com, this claim should be dismissed for the same reasons that Majik's Counterclaim Counts I-II and IV should be dismissed.

its CBD MD Mark was distinctive or famous at the time cbdMD registered the domain, such as the duration and extent of use of the mark or the extent of advertising and publicity of the mark.[6]

Rather, Majik's allegations concerning its alleged use of the CBD MD Mark merely allege in conclusory fashion that Majik has used its mark "in commerce in North Carolina and elsewhere." (First Am. Counterclaims [Doc. 31] ¶¶ 8-9.) In addition, a cursory review of www.cbdmd.com as a whole makes clear that there is no likelihood of confusion between Majik and cbdMD. *See JTH Tax*, 2020 WL 6551214, at *5.

Furthermore, Majik has not sufficiently alleged that its mark is distinctive. To determine whether a plaintiff's mark is distinctive, a court may consider several factors, including the degree of inherent or acquired distinctiveness of the mark, the duration and extent of use of the mark in connection with the goods or services with which the mark is used, and the duration and extent of advertising and publicity of the mark, among others. *See Crossfit*, 157 F. Supp. 3d at 958 (citing 15 U.S.C. § 1125(c)(1)). On a motion to dismiss, courts may look at the facts as alleged to "determine whether [a claimant's] allegations are sufficient in light of the bad faith factors." *See Crossfit*, 157 F. Supp. 3d at 958 (citing *Cleary Bldg. Corp. v. David A. Dame, Inc*., 674 F. Supp. 2d 1257, 1263 (D. Colo. 2009); *see also Williams v. Warner/Chappell Music*, No. CV 07-2683 SVW (CTX), 2007 WL 9751921, at *5 (C.D. Cal. Sept. 26, 2007) (dismissing cyber-piracy claim where "there is simply not enough in the complaint to 'nudge' this claim from conceivable to plausible"). Here, Majik does not sufficiently allege any facts that could show that its mark is distinctive. Majik merely alleges that it uses its CBD MD mark in conjunction with certain "Skin

---

[6] Majik's CBD MD Registration is on the Supplemental Register, because the USPTO refused registration on the Principal Register on the basis that the CBD MD Mark is merely descriptive. *See* June 14, 2016 Office Action Outgoing attached as **Exhibit 1** to the Declaration of Andrew C. Stevens, Esq. (attached hereto as **Exhibit A**). cbdMD requests that the Court take judicial notice of the Patent and Trademark Office document under FRE 201.

and body topical lotions, creams and oils for cosmetic use" along with unspecified "educational services." (First Am. Counterclaims [Doc 31] ¶¶ 15, 18). Yet Majik does not allege any facts that show that these uses establish the high benchmark for creating a distinctive mark.

For at least these reasons, Majik has failed to allege facts that would permit a plausible inference that cbdMD registered its domain www.cbdmd.com in bad faith, and Majik's cyber-piracy claim should therefore be dismissed. *See Iqbal*, 556 U.S. at 678. Majik has likewise failed to allege any specific facts in support of its claim that its CBD MD Mark was distinctive or famous at the time cbdMD registered the domain. Dismissal is thus appropriate for this reason, too. *See id.*

**IV.  The Court should dismiss Majik's unfair competition claims because CBD Industries had an objectively reasonable basis to seek cancellation of Majik's CBD MD registration.**

To state a claim under the North Carolina Unfair and Deceptive Trade Practices Act (N.C. Gen. Stat. § 75-1.1), a plaintiff must allege: "(1) that the defendant engaged in conduct that was in or affecting commerce; (2) that the conduct was unfair or 'had the capacity or tendency to deceive;' and (3) 'that the plaintiff suffered actual injury as a proximate result of defendant's deceptive statement or misrepresentation.'" *GoldToeMoretz, LLC v. Implus Footcare, LLC*, No. 5:09-CV-0072, 2010 WL 3474792, at *3 (W.D.N.C. Aug. 31, 2010) (quoting *Gilbane Bldg. Co. v. FRB*, 80 F.3d 895, 902 (4th Cir. 1996)).[7]

Accordingly, courts have held that filing an objectively reasonable lawsuit cannot serve as a basis for a claim under North Carolina's UDTPA. *See id.*; *see also Biltmore Co. v. NU U, Inc.*, No. 1:15-CV-00288-MR, 2016 WL 7494474, at *4 (W.D.N.C. Dec. 30, 2016). A lawsuit is objectively reasonable "if an objective litigant could conclude that the suit is reasonably calculated

---

[7] A common law unfair competition claim is "not appreciably different" from a claim under the North Carolina UDTPA. *See Blue Rhino Glob. Sourcing, Inc. v. Well Traveled Imports, Inc.*, 888 F. Supp. 2d 718, 722 (M.D.N.C. 2012); *see also GoldToeMoretz*, 2010 WL 3474792, at *3 (same).

17

to elicit a favorable outcome." *See GoldToeMoretz,* 2010 WL 3474792, at *4; *see also Biltmore*, 2016 WL 7494474, at *4 (plaintiff had "probable cause" to file suit). In such a case, the filing of an objectively reasonable action is not actionable under the UDTPA, "regardless of [a claimant's] subjective intent in filing" the action. *See GoldToeMoretz*, 2010 WL 3474792, at *4.

Here, the only allegation underlying Majik's unfair competition claims (Counts V-VI) is that CBD Industries initiated its cancellation proceeding at the TTAB in bad faith. (Pl.'s First Am. Counterclaims [Doc. 31] ¶ 155). However, Majik's allegations as to CBD Industries' intent is legally irrelevant. *See GoldToeMoretz*, 2010 WL 3474792, at *4 (filing of objectively reasonable action is not actionable "regardless of [a claimant's] subjective intent in filing" the action).

Moreover, it is evident that the earlier cancellation proceeding had an objectively reasonable basis because CBD Industries' cancellation proceeding was premised on the same allegations that underlie Count I of its Complaint in this action: that Majik's use of the CBD MD Mark in connection with the relevant products was unlawful as of the date of its alleged first use. *See Gray*, 823 F.2d at 526. As noted above (*supra* Argument § I), Majik has essentially conceded the merit of this claim. (*See also* First Am. Counterclaims [Doc. 31] ¶ 16.)

It is therefore plain that Count I of this Complaint and CBD Industries' earlier, related cancellation proceeding are both objectively reasonable. *See GoldToeMoretz,* 2010 WL 3474792, at *4; *see also Biltmore*, 2016 WL 7494474, at *4. It is also worth noting that Majik made this exact same argument to the TTAB directly; yet the TTAB nevertheless rejected Majik's allegations and suspended the cancellation proceeding pending the outcome of this civil action, so this should preclude Majik from making this argument here. *See B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 150 (2015) (holding that TTAB decisions can have preclusive effect in district

18

court). This alone should cement that CBD Industries' cancellation proceeding was not brought in bad faith.

Therefore, because Majik's unfair competition claims (Counts V-VI) are based on CBD Industries' filing of an objectively reasonable cancellation proceeding, they fail as a matter of law and should be dismissed.[8]

**CONCLUSION**

For all of these reasons, the Court should dismiss Majik's Counterclaims for failure to state a claim.

Respectfully submitted this the 30th day of September, 2021.

                                HAMILTON STEPHENS
                                STEELE + MARTIN, PLLC

                                *s/ Mark R. Kutny*
                                Mark R. Kutny, N.C. State Bar No. 29306
                                Hamilton, Stephens Steele + Martin, PLLC
                                525 N. Tryon Street, Suite 1400
                                Charlotte, NC 28202
                                Telephone: (704) 344-1117
                                mkutny@lawhssm.com

                                *Counsel for CBD Industries, LLC and cbdMD, Inc.*

                                Of Counsel:

                                s/ Kevin M. Bell
                                Kevin M. Bell (admitted pro hac vice)
                                s/ Richard J. Oparil
                                Richard J. Oparil (admitted pro hac vice)
                                s/ Caroline M. Maxwell
                                Caroline M. Maxwell (admitted pro hac vice)
                                s/ Matthew D. Zapadka

---

[8] To the extent that Majik's unfair competition claims are premised on Majik's other claims, they should be dismissed for the same reasons set forth above (*supra* Argument §§ I-III).

Matthew D. Zapadka (admitted pro hac vice)
ARNALL GOLDEN GREGORY LLP
1775 Pennsylvania Ave. NW, Suite 1000
Washington, DC 20006
(202) 677-4030

s/ Andrew C. Stevens
Andrew C. Stevens (admitted pro hac vice)
ARNALL GOLDEN GREGORY LLP
171 17th Street NW, Suite 2100
Atlanta, GA 30363
(404) 873-8734

20