IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Case No. 3:21-CV-069-RJC-DCK

CBD INDUSTRIES, LLC

    Plaintiff and Counterclaim Defendant,

v.

MAJIK MEDICINE, LLC

    Defendant, Counterclaimant and
    Third-Party Plaintiff,

v.

cbdMD, Inc.

    Third-Party Defendant.

**OBJECTIONS TO MEMORANDUM AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Federal Rule of Civil Procedure 72(b), CBD Industries, LLC ("CBD Industries") and cbdMD, Inc. (together with CBD Industries, "cbdMD") respectfully submits the following objections to the Magistrate Judge's October 19, 2022 Memorandum and Recommendation (the "M&R") (Doc. 49) which denied cbdMD's motion to dismiss the first amended counterclaims and third-party claims (Docs. 37, 44),

## INTRODUCTION AND RELEVANT FACTS

This dispute arises from cbdMD's possession of a common law trademark for the cbdMD mark in connection with topical lotions, topical creams, topical oils, medicinal lotions, medicinal creams and medicinal oils.[1] cbdMD initiated a cancellation proceeding against Majik's CBD MD mark, Registration No. 5173264, primarily because Majik's registration for its CBD MD mark is

---

[1] cbdMD incorporates its papers filed in support of the motion to dismiss the counterclaims. (Docs. 37, 44.)

1

invalid under current United States law and administrative guidance from the Patent and Trademark Office. cbdMD then initiated this action against Majik seeking, *inter alia*, an order directing the cancellation of Majik's trademark registration. Subsequently, Majik filed six counterclaims against cbdMD: (1) trademark infringement under 15 U.S.C. § 1114; (2) common law trademark infringement; (3) false designation of origin and false descriptions under 15 U.S.C. § 1125; (4) cyber-piracy under 15 U.S.C. § 1125; (5) violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1; and (6) common law unfair competition. (Doc. 31 ¶¶ 91-166.)

cbdMD moved to dismiss Majik's counterclaims on the grounds that Majik's trademark registration is invalid and that Majik failed to sufficiently state a claim upon which relief can be granted. (Doc. 36.) On October 19, 2022, the Magistrate Judge issued the M&R recommending that the Court deny cbdMD's motion to dismiss. (Doc. 41.)

cbdMD submits two primary objections to the M&R: (1) the M&R fails to follow federal trademark law that unambiguously invalidates Majik's trademark registration for its CBD MD mark; and (2) the M&R fails to recognize the Majik's counterclaims recite the elements of each claim without any factual support. First, the U.S. Patent and Trademark Office ("USPTO") has issued clear guidance instructing examiners to find invalid any trademark application for CBD products filed prior to December 20, 2018. Although the M&R correctly highlights that "the issuance of a trademark registration [to Majik] in 2017 (as occurred) ran contrary to the [USPTO's] own guidance," (Doc. 49 at 6) the M&R failed to conclude that Majik's trademark registration is invalid. Because the USPTO issued Majik's trademark registration before December 20, 2018, the registration is invalid and cannot serve to establish Majik's trademark infringement counterclaims.

Second, and most notably, Majik's counterclaims all conclusively recite the elements of each claim without the addition of any factual support for Majik's allegations. Despite Majik's consistent failure to allege supportive facts, the M&R concluded that Majik sufficiently pled each of its claims. The M&R, however, failed to identify any particular facts that supported Majik's claims and accepts Majik's blanket recitation of the elements of claims as proper allegations. In fact, the M&R included findings that contradict clear precedent in this district supporting the dismissal of bare allegations without any factual support. Because of these failures by the M&R, cbdMD respectfully requests that the Court sustain the following objections to the M&R and dismiss Majik's counterclaims entirely.

## LEGAL STANDARD

A party may file written objections to a magistrate judge's memorandum and recommendation within 14 days of being served with a copy of the memorandum and recommendation. *See* 28 U.S.C. § 636(b)(1). "Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections." *USA v. Phong Duc Nguyen*, No. 3:20-cr-00100, 2020 WL 7126105, at *1 (W.D.N.C. Dec. 4, 2020) (quoting *Morgan v. N.C. Dep't of Health & Human Servs.*, 421 F. Supp. 2d 890, 893 (W.D.N.C. 2006)). "If proper objections are made, a district court will review the objections under a *de novo* standard." *Id.* (citing 28 U.S.C. § 636(b)(1)).

## OBJECTIONS

cbdMD objects to the M&R on two primary grounds: (1) the M&R misapplied federal trademark guidance; (2) the M&R improperly and inexplicably concludes that Majik has plausibly alleged facts sufficient to survive a motion to dismiss. cbdMD will address each objection in turn.

I.  **Majik's Counterclaims for Trademark Infringement and Common Law Unfair Competition Fail to State a Claim for Relief.**

cbdMD objects to the Magistrate Judge's recommendation that Majik's trademark infringement counterclaims and Majik's common law unfair competition counterclaim should survive cbdMD's motion to dismiss.[2] The M&R recommends that Majik's counterclaims should survive for two reasons: (1) arguments concerning the legality of trademarks associated with CBD are premature; and (2) Majik has "plausibly satisfied the likelihood of confusion element" for a trademark infringement claim under the Lanham Act or common law. The M&R's conclusions, however, fail to consider unambiguous guidance from the USPTO and fail to sufficiently scrutinize Majik's allegations for the necessary particularity.

   A.  **Majik's Trademark Registration is Invalid.**

First, despite the M&R's conclusion that a dismissal of Majik's trademark infringement counterclaims based on the validity of Majik's trademark is premature, "federal trademark law can only protect marks that are in substance legal under federal law." *Carrick-Harvest, LLC v. Veritas Farms, Inc.*, No. 20-cv-02017, 2021 WL 7368188, at *4 (D. Colo. Jan. 25, 2021). The M&R correctly recognized that "[t]he legal landscape surrounding federal trademark registration of CBD products is complicated and evolving ...." (Doc. 49 at 5.) And the M&R correctly acknowledged that, before the enactment of the Agriculture Improvement Act of 2018 (the "2018 Farm Bill") on December 20, 2018, the Controlled Substances Act ("CSA"), 21 U.S.C. §§ 801 *et seq.*, classified CBD as "a chemical constituent of the cannabis plant . . . [included within the CSA's] definition

---

[2] As highlighted by the M&R (at 12), "Courts have applied essentially the same likelihood of confusion standard to claims for common law trademark infringement or unfair competition (regarding trademarks) under North Carolina law." *Mobile Tech, Inc. v. InVue Security Prods., Inc.*, No. 3:18-CV-00052, 2019 WL 3001285, at *3 (W.D.N.C. June 21, 2019) (citing *Ga. Pac. Consumer. Prods., LP v. Von Drehle Corp.* 618 F.3d 441, 449 (4th Cir. 2010)). Therefore, cbdMD will address Majik's counterclaims on these grounds together.

4

of marijuana." (Doc. 49 at 6-7.) As recognized by the USPTO, such a classification prohibited trademarks associated with CBD from acquiring registration. *See* PTO, Examination Guide 1–19 at 2–3 (May 2, 2019) (noting that all "goods encompassing CBD . . . [are] unlawful under federal law and [therefore] [did] not support valid use of the applied-for mark in commerce.")[3]; *see also* Trademark Manual of Examining Procedure § 907.

Even after passage of the 2018 Farm Bill, however, "applications filed **before** December 20, 2018 that identify goods encompassing CBD . . . [will be refused] registration . . . due to the unlawful use or lack of bona fide intent to use in lawful commerce under the CSA." *Id.* Those applications are invalid because "[s]uch applications did not have a valid basis to support registration at the time of filing because the goods violated federal law." *Id.* In *Wunderwerks, Inc. v. Dual Beverage Co.*, No. 21-cv-4980, 2021 WL 5771138, at *4 (N.D. Cal. Dec. 21, 2021), the Court applied the Guide in a trademark case, finding that it removed "a basis for refusal of trademark registration for applications filed on or after December 20, 2018."

Although the M&R recognizes that applications identifying goods related to CBD filed with the USPTO before December 20, 2018, such as Majik's February 21, 2016 application and March 28, 2017 registration (Doc. 1 Ex. A), should have been refused registration (Doc. 49 at 6 ("[I]t seems clear that issuance of a trademark registration in 2017 (as occurred) ran contrary to the [US]PTO's own guidance.")), it inexplicably declined to opine on the validity of Majik's trademark.

The M&R's hesitancy to find Majik's registration invalid appears in part due to its interpretation of cbdMD's arguments as "hypocritical." (Doc. 49 at 7.) Specifically, the M&R

---

[3] https://www.uspto.gov/sites/default/files/documents/Exam%20Guide%201-19.pdf. The Court may take judicial notice of public records from the PTO under FRE 201(b). *See, e.g.*, *Music Makers Holdings, LLC v. Sarro*, No. 09-cv-1836, 2010 WL 2807805, at *2 (D. Md. July 15, 2010).

highlights that cbdMD's marks also relate to goods encompassing CBD and, therefore, face the same legal uncertainty as Majik's marks. (*Id.*) The M&R, however, misinterprets cbdMD's arguments on this point. Although cbdMD's marks similarly relate to goods containing CBD, cbdMD did not file its applications for such marks prior to December 20, 2018—the relevant date for the USPTO's consideration of legality. As Majik's counterclaim admits, cbdMD applied for marks for CBD in 2019 and 2020, well after passage of the Farm Bill that legalized certain CBD products under the CSA. (Doc. 31 ¶ 39.) cbdMD's marks, therefore, do not suffer from the same issues as Majik's mark because cbdMD filed its applications after CBD was excepted from the USPTO's prohibition against cannabis related marks. In contrast, Majik filed its application prior to December 20, 2018, and remains invalid under the USPTO's most recent guidance.[4] Because Majik's registration is invalid under current USPTO guidance, the Court should dismiss Majik's trademark infringement counterclaims.

### B. Majik's Counterclaims Lack Sufficient Factual Allegations to Support a Cause of Action.

Second, Majik's bare allegations are insufficient to establish cognizable claims for trademark infringement. The M&R concluded that Majik "plausibly satisfied the likelihood of confusion element of both varieties of the trademark infringement counterclaims (Lanham Act and common law)" because "a detailed analysis of the nine factors is . . . not necessary at this point." (Doc. 49 at 11-12.) The M&R, however, misconstrues cbdMD's arguments on this point.

Contrary to the M&R's interpretation of cbdMD's motion to dismiss, cbdMD is not requesting a "detailed analysis of the nine factors" at this stage of litigation. Instead, cbdMD argues

---

[4] District courts have even found that "all should agree that the attempt to trademark goods or services in connection with the plant Cannabis sativa L., its parts, or any of its uses would not be permitted under federal law." *Carrick-Harvest, LLC* 2021 WL 7368188, at *4.

that Majik's counterclaims fail to provide any specific facts that would allow the Court to apply the nine factors at the appropriate time. (Doc. 37 at 8.) This Court has made clear that "'a conclusory and formulaic recitation of the elements of a trademark infringement cause of action is insufficient to survive a motion to dismiss.'" *Charlotte Chiropractic Clinic, P.A. v. Williams*, No. 3:14–CV–00585–RJC, 2015 WL 5431758, at *2 (W.D.N.C. Sept. 15, 2015) (quoting *Potomac Conf. Corp. of Seventh-day Adventists v. Takoma Acad. Alumni Ass'n, Inc.*, 2 F. Supp. 3d 758, 768 (D. Md. 2014)). Majik's counterclaims fail to allege any facts supporting Majik's claim that the factors are satisfied and, instead, embody "conclusory and formulaic" recitations of the factors necessary to evaluate trademark infringement.

For example, rather than specify which, if any, of cbdMD's goods are similar to the goods offered by Majik, Majik merely states that the goods sold by cbdMD "substantially overlap with the goods sold under" Majik's mark. (Doc. 31 ¶ 97.) And rather than specify the trade channels used by Majik and cbdMD, Majik merely states that the trade channels used by the parties are "nearly identical." (*Id.* ¶ 101.) The absence of any facts is pervasive throughout Majik's trademark infringement counterclaims. Such conclusory and formulaic allegations do not plausibly state claims for trademark infringement. And, the M&R, in concluding that a detailed analysis of the nine factors is unnecessary at this time, failed to examine whether Majik's counterclaims contain substantive allegations or simply recitations of the elements of trademark infringement.

While the M&R correctly recognizes that an analysis of the infringement factors is a question of fact, "a plaintiff still must plead some minimum baseline of accompanying factual allegations to support" its claims. *Mud Pie, LLC v. Belk, Inc.*, No. 3:18-cv-00607-RJC-DCK, 2019 WL 3268823, at *3 (W.D.N.C. July 18, 2019). Accordingly, because Majik's allegations are "nothing more than [] threadbare, formulaic recitation[s]" of the elements of trademark

7

infringement, the Court should grant cbdMD's motion to dismiss Majik's trademark infringement and common law unfair competition counterclaims. *See Tate v. Auto Truck Transp. USA, LLC*, No. 3:17-cv-00296-RJC-DSC, 2018 WL 3873600, at *3 (W.D.N.C. Aug. 15, 2018) ("Courts cannot weigh the facts or assess the evidence at this stage, but a complaint entirely devoid of any facts supporting a given claim cannot proceed.").

**II.      Majik's False Designation of Origin and False Description Counterclaim Lacks Sufficient Factual Allegations to Support a Cause of Action.**

cbdMD objects to the M&R's conclusion that Majik has plausibly stated a counterclaim for false designation of origin and false description. (Doc. 49 at 13-14.) In concluding that Majik's counterclaim survives dismissal, the M&R reasons that Majik has sufficiently stated a claim for false designation of origin because "the undersigned concluded that [Majik] had plausibly stated a counterclaim for trademark infringement" and because "[cbdMD's] arguments would go so far as to essentially require that [Majik] prove its false advertising counterclaim at this stage, without the benefit of any discovery." (Doc. 49 at 13.) The M&R, however, fails to consider the allegations of the false designation of origin counterclaim and fails to recognize that Majik does not allege any factual support for its false advertising counterclaim.

As an initial matter, Majik's counterclaim for false designation of origin fails for the same reasons its trademark infringement claims fail—that is, Majik failed to plead more than bare assertions of the elements of the claim. But, because the M&R failed to address Majik's allegations in relation to its false designation of origin counterclaim, the M&R improperly concluded that Majik sufficiently pled its counterclaim. In fact, the M&R does not identify or examine a single allegation of Majik's false designation of origin counterclaim.

The M&R's failure to assess the specific allegations related to Majik's false designation of origin claim is an objectionable flaw. The M&R cannot find that Majik has sufficiently alleged its

8

false designation or origin counterclaim simply because it sufficiently alleged other counterclaims. In fact, the only allegations related to Majik's false designation of origin claim conclusively state that the identity and domain used by cbdMD in connection with the CBD goods sold by cbdMD "is likely to cause confusion, or to cause mistake, or to deceive the consuming public as to the affiliation, connection, or association of [cbdMD] with [Majik] as to the origin, sponsorship, or approval of these goods or commercial activities by Majik." (Doc. 31 ¶¶ 127-129.) Majik's allegations simply recite the elements of a false designation of origin claim without any particular facts to support such elements. *See Mobile Tech, Inc.*, 2019 WL 3001285, at *2 ("To state a false designation of origin claim, 15 U.S.C. § 1125(a), a plaintiff must sufficiently allege that: . . . [a] designation is likely to cause confusion, mistake or deception as to origin, sponsorship, or approval of defendant's goods or services...."). Despite the M&R's conclusion, Majik's blanket recitation of the elements of a false designation of origin claim does not plead the claim with enough particularity to survive a motion to dismiss. *See Mud Pie, LLC,* 2019 WL 3268823, at *3. Under the M&R's interpretation, any plaintiff can simply state the elements of a claim to survive a motion to dismiss.

Likewise, Majik's false advertising claim fails because Majik has failed to identify the specific statements, blogs, webpages, or articles that it alleges contain false statements and because Majik has failed to identify the materiality of such statements. As the M&R recognized, a plaintiff must allege five elements to sufficiently state a claim for false advertising:

> (1) the defendant made a false or misleading description of fact or representation of fact in a commercial advertisement about his own or another's product; (2) the misrepresentation is material, in that it is likely to influence the purchasing decision; (3) the misrepresentation actually deceives or has the tendency to deceive a substantial segment of its audience; (4) the defendant placed the false or misleading statement in interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its products.

*The Scotts Co. v. United Indus., Corp.*, 315 F.3d 264, 272 (4th Cir. 2002) (cleaned up). Yet, again the M&R accepts Majik's conclusory allegations as sufficient to state a claim without demonstrating why Majik's allegations sufficient state a claim.

Although Majik states that cbdMD has "[publicly] made claims that its CBD Products could (i) boost brain power, (ii) slow aging, (iii) battle cancer, (iv) improve digestive function, (v) combat allergies, (vi) ease the side effects of menopause, and (vii) minimize hangover symptoms," this list represents only Majik's interpretation of cbdMD's claims. Majik fails to provide the actual statements containing these claims or the method by which the claims were publicly disseminated. The absence of facts related to specific statements or methods of publication is detrimental to Majik's counterclaim. *See Church Ekklasia Sozo Inc. v. CVS Health Corp.*, No. 3:20-cv-00382, 2022 WL 1572732, at *8-9 (W.D.N.C. Feb. 25, 2022) (concluding that the plaintiff's false advertising claim failed in part because "Plaintiffs do not identify any statements in the press releases that they believe are false or misleading, let alone allege any facts demonstrating the falsity of any such statements"); *Advanced Metal Corp. v. Meridian Metal Roofing.com, LLC*, No. 7:07-CV-173-H, 2008 WL 11432172, at *7 (E.D.N.C. June 2, 2008) (concluding that a "[p]laintiff should at least identify the advertising it is referring to in its allegation" because "[b]y identifying the advertising, it would comport with the notice pleading standard in Rule 8(a), which requires a plaintiff's complaint to 'give each of the defendants fair notice of the nature and the basis of plaintiff's claims'").

Even if Majik's simple summary of claims functions as a plausible allegation, Majik has also failed to identify why cbdMD's allegedly false statements were material. Majik blanketly states that cbdMD's claims are material (Doc. 31 ¶ 132) but fails to explain how the claims have materially affected Majik. To sufficiently state a claim for false advertising, however, Majik must

explain with reasonable particularity the materiality of the allegedly false statements. *See Church Ekklasia Sozo Inc.*, 2022 WL 1572732, at *8-9 (concluding that the plaintiff's false advertising claim failed in part because the plaintiff failed to identify "any false or misleading statement that was material"). In the Fourth Circuit, "[r]ecovery of damages under the Lanham Act requires [plaintiff] to show not only false or misleading advertising by Defendants but also that such statements caused it actual damages." *Wall & Assocs. Inc. v. Better Bus. Bureau of Cent. Virginia., Inc.*, 685 F. App'x 277 (4th Cir. 2017). The M&R appears to ignore Majik's failure to explain the materiality of cbdMD's claims and Majik's failure to show it has suffered actual damages from such claims. Without such allegations, Majik's counterclaim fails to sufficiently state a claim for false advertisement. *See id.* at 278 (affirming dismissal of false advertising claim for failure to plead causation where Plaintiffs' complaint "does not identify a single consumer who withheld or cancelled business with it or pointed to a particular quantum of diverted sales or loss of goodwill and reputation resulting directly from reliance on any false or misleading representations by Defendants"). Accordingly, the Court should sustain Majik's objections to the M&R and dismiss Majik's counterclaims for false designation of origin and false description.

**III:    Majik's Cyber-piracy Counterclaim Lacks Sufficient Factual Allegations to Support a Cause of Action**

Next, cbdMD objects to the M&R's conclusion that Majik has sufficiently pled its cyber-piracy counterclaim. Specifically, the M&R improperly accepts Majik's blanket recitation of the elements of a cyber-piracy claim without any explanation as to why Majik's allegations sufficiently pled a claim. (Doc. 49 at 15.) Although the M&R correctly recognizes that the "Anticybersquatting Consumer Protection Act 'creates a cause of action for cybersquatting against anyone who registers, traffics in, or uses a domain name that is identical or confusingly similar to a trademark with the bad [] faith intent to profit from the good will associated with the trademark.'"

(Doc. 49 at 14-15 (quoting *Hawes v. Network Sols., Inc.*, 337 F.3d 377, 383 (4th Cir. 2003)), the M&R fails to address the required elements of a cyber-piracy claim. To sufficiently plead a cyber-piracy claim, a plaintiff must demonstrate that "(1) [the defendant] had a bad faith intent to profit from using the [] domain name, and (2) that the . . . domain name is identical or confusingly similar to, or dilutive of, the distinctive and famous [plaintiff's] Mark." *People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 367 (4th Cir. 2001) (citing 15 U.S.C. § 1125(d)(1)(A)).

Notwithstanding Majik's allegation that cbdMD registered and used the www.cbdmd.com domain name in bad faith, Majik failed to provide any facts to explain why cbdMD's registration or use of the domain constituted bad faith. Again, without specific allegations, Majik's cyber-piracy claim must fail. *See Row, Inc. v. Highgate Hotels*, *L.P.*, No. 15 Civ. 4419, 2018 WL 3756456, at *5 (S.D.N.Y. July 19, 2018) (dismissing cyberpiracy claim because "while Plaintiff did claim [defendant] acted in 'bad faith' in attempting to profit from Plaintiff's mark by registering the domain name, Plaintiff offers no factual detail as to why this constitutes 'bad faith' making it a naked assertion without 'further factual enhancement' that will not survive a motion to dismiss"). Bald allegations of the elements of a claim cannot insulate Majik's complaint from dismissal. *See, e.g.*, *Migdal v. Rowe Price–Fleming Int'l, Inc.*, 248 F.3d 321, 326 (4th Cir. 2001) ("The presence . . . of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion."); *Fare Deals Ltd. v. World Choice Travel.com, Inc.*, 180 F. Supp. 2d 678, 683 (D. Md. 2001) (concluding that "bald allegation[s] that [defendant] 'trafficked in, used and/or licensed the domain name' does not" sufficiently plead a cyber-piracy claim). Accordingly, the Court should sustain Majik's objection on this ground and dismiss Majik's cyber-piracy counterclaim for failure to state a claim upon which relief may be granted.

**IV:    Majik's UDTPA Counterclaim Lacks Sufficient Factual Allegations to Support a Cause of Action.**

Finally, cbdMD objects to the M&R's conclusion that Majik sufficiently pled its unfair competition claim. Specifically, the M&R again failed recognize that Majik's allegations lack the particularity required by Rule 8(a). As explained in the M&R, a plaintiff states a claim under North Carolina's UDTPA by showing "(1) the defendant committed an unfair or deceptive act or practice; (2) the action in question was in or affecting commerce; and (3) the act proximately caused injury to the plaintiff." *CPI Sec. Sys., Inc. v. Vivant Smart Home, Inc.*, No. 3:20-CV-504-FDW-DSC, 2021 WL 5225634, at *2 (W.D.N.C. Nov. 9, 2021). The M&R relies on the fact that Majik "provide[d] multiple bases for the UDTPA counterclaim" to support its conclusion that the counterclaim should survive dismissal. Despite the fact that Majik alleged multiple bases to support its counterclaim, however, Majik did not allege any specific facts to support any of its alleged grounds.

Majik's UDTPA counterclaim suffers from the same flaw as its other counterclaims—it fails to provide any factual support for its allegations. In fact, each basis that Majik alleges in the UDTPA counterclaim simply states that cbdMD's acts "constitute unfair methods of competition and/or unfair and deceptive acts or practices, in or affecting commerce, in violation of N.C. Gen. Stat. § 75-1.1, *et seq.*" (Doc. 31 ¶¶ 151-155.) Majik's allegations fail to specify what acts it deems unfair or how those acts affect commerce. The M&R seems to ignore the conclusory nature of Majik's allegations. Accordingly, the Court should sustain cbdMD's objection to the M&R and dismiss Majik's UDTPA counterclaim for failure to state a claim upon which relief can be granted.

13

## **CONCLUSION**

For the foregoing reasons, cbdMD respectfully requests that the Court sustain cbdMD's objections to the M&R and grant cbdMD's Motion to Dismiss. cbdMD requests an oral hearing to discuss this matter with the Court prior to the Court's ruling on cbdMD's objections.

Respectfully submitted this the 2nd day of November, 2022.

By: *s/ Mark R. Kutny*
Mark R. Kutny, N.C. State Bar No. 29306
Hamilton Stephens Steele + Martin, PLLC
525 N. Tryon Street, Suite 1400
Charlotte, NC 28202
Telephone: (704) 344-1117
mkutny@lawhssm.com

*Counsel for CBD Industries, LLC and cbdMD, Inc.*

Of Counsel:

*s/ Kevin M. Bell*
Kevin M. Bell (admitted pro hac vice)
*s/ Richard J. Oparil*
Richard J. Oparil (admitted pro hac vice)
*s/ Matthew D. Zapadka*
Matthew D. Zapadka (admitted pro hac vice)
ARNALL GOLDEN GREGORY LLP
1775 Pennsylvania Ave. NW, Suite 1000
Washington, DC 20006
(202) 677-4030

*s/ Erin Winn*
Erin Winn (admitted pro hac vice)
ARNALL GOLDEN GREGORY LLP
171 17th Street NW, Suite 2100
Atlanta, GA 30363
(404) 873-8721