UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00069-RJC-DCK

| | |
|---|---|
| **CBD INDUSTRIES, LLC,** )<br>)<br>**Plaintiff and** )<br>**Counterclaim Defendant,** )<br>)<br>v. )<br>)<br>**MAJIK MEDICINE, LLC,** )<br>)<br>**Defendant,** )<br>**Counterclaimant, and Third-** )<br>**Party Plaintiff** )<br>)<br>v. )<br>)<br>**cbdMD, INC.,** )<br>)<br>**Third-Party Defendant.** )<br>) | **ORDER** |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss, (Doc. No. 36), and the Magistrate Judge's Memorandum and Recommendations ("M&R"), (Doc. No. 49).

**I.  BACKGROUND**

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

**II.  STANDARD OF REVIEW**

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when

1

objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Likewise, merely reiterating the same arguments made in the pleadings or motion submitted to the Magistrate Judge does not warrant de novo review. *See United States v. Midgette*, 478 F.3d 616, 620–21 (4th Cir. 2007); *Durkee v. C.H. Robinson Worldwide, Inc.*, 765 F. Supp. 2d 742, 747 (W.D.N.C. 2011), *aff'd sub nom.*, *Durkee v. Geologic Sols., Inc.*, 502 F. App'x 326 (4th Cir. 2013).

## III. DISCUSSION

Despite a tangled collection of claims, counterclaims, motions, responses, and replies, the parties manage to agree on one thing: federal guidance on trademarks for CBD products is complicated. Both Majik Medicine ("Majik") and CBD Industries retail wellness products infused with Cannabidiol, or CBD—an active ingredient in the cannabis plant thought to hold health benefits. In early 2021, competition between the two companies intensified, and CBD Industries initiated this action for trademark infringement and other activities related to Majik's registration and use of a certain "CBD MD" mark.[1] (Doc. No. 1). Majik counterclaimed, bringing similar allegations against CBD Industries and its parent corporation, cbdMD, Inc. (Doc. No. 31), which CBD Industries and cbdMD (together, "CBD Industries") moved to dismiss. (Doc. No. 36). Because neither of CBD Industries' bases for objection are valid, this Court adopts the Magistrate Judge's recommendation and the motion to dismiss is denied.

---

[1] The Patent and Trademark Office registered Majik's "CBD MD" mark on the Supplemental Register on March 28, 2017, for use in "Skin and body topical lotions, creams and oils for cosmetic use; all of the aforementioned containing CBD," and "Medicinal creams for skin care; Medicinal herbal preparations; Medicinal oils; Herbs for medicinal purposes; all of the aforementioned containing CBD." CBD MD, Registration No. 5173264.

In essence, CBD Industries seeks dismissal of Majik's counterclaims and cancellation of Majik's trademark because CBD Industries contends that the Patent and Trademark Office ("PTO") wrongfully registered the trademark before the Agriculture Improvement Act of 2018, Pub. L. No. 115-334 ("the 2018 Farm Bill") legalized some CBD-related products. Thus, they argue, because all CBD-related products were illegal under federal law before the 2018 Farm Bill, Majik was unable to use their products in commerce, the trademark is invalid, and Majik cannot rest its counterclaims on that invalid trademark. The Magistrate Judge recommended denial of the motion to dismiss, finding that Majik properly brought its counterclaims and that PTO guidance on the legality of CBD-related trademarks is ambiguous, and thus, "any argument at the motion to dismiss stage about the validity of Majik's trademark registration is premature without further discovery." (Doc. No. 49). Now, with the PTO's complicated and fragmentary direction in tow, CBD Industries objects on two bases: first, it argues the M&R misapplied federal trademark guidance, and second, it objects to the M&R's conclusion that Majik plausibly alleged facts sufficient to survive a motion to dismiss. Neither of these objections are persuasive.

To begin, this Court will accept as true all well-pleaded allegations and view the counterclaims in the light most favorable to Majik. *Bass v. Weinstein Mgmt. Co.*, 56 F.4th 355, 360 (4th Cir. 2022). "To survive a motion to dismiss, the [counterclaim's] factual allegations must be enough to raise a right to relief above the speculative level"—that is the counterclaim need contain only enough facts to state a plausible claim for relief. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). Majik's claims are more than plausible – as a threshold matter, "the issue of trademark validity is considered an intensely factual issue," and is thus generally best decided by a factfinder. *Zobmondo Entm't, Ltd. Liab. Co. v. Falls Media, Ltd. Liab. Co.*, 602 F.3d 1108, 1113 (9th Cir. 2010); *see also RXD Media, LLC v. IP Application Dev. LLC*, 986 F.3d 361, 375 (4th Cir.

3

2021) ("[T]rademark infringement claims … are particularly amenable to resolution by a jury."). This is not to say that issues of trademark validity are never properly decided as matters of law, *see, e.g.*, *OBX-Stock, Inc. v. Bicast, Inc*., 558 F.3d 334, 337 (4th Cir. 2009) (granting summary judgment on trademark validity), but where a party plausibly demonstrates a valid trademark, the motion to dismiss stage is not a proper forum of resolution. *See Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.").

CBD Industries first objects that the Magistrate Judge misapplied recent PTO guidance and argues that guidance removes all possibility of validity from Majik's trademark. Under the Lanham Act, "only trademarks 'used in commerce,' or which a person has a bona fide intention to use in commerce," can be registered as valid, protectable trademarks. *Int'l Bancorp, LLC v. Societe des Bains de Mer et du Cercle des Estrangers a Monaco*, 329 F.3d 359, 363 (4th Cir. 2003) (citing 15 U.S.C. § 1051). In specific reference to the validity of CBD-related trademarks, the PTO warns:

> For applications filed before December 20, 2018 that identify goods encompassing CBD or other cannabis products, registration will be refused due to the unlawful use or lack of bona fide intent to use in lawful commerce under the CSA. Such applications did not have a valid basis to support registration at the time of filing because the goods violated federal law.

*Examination Guide 1-19, Examination of Marks for Cannabis and Cannabis-Related Goods and Services after Enactment of the 2018 Farm Bill*, U.S. Pat. and Trademark Off. (May 2, 2019), at 2. Undeniably, Majik's trademark application was filed – and its registration granted – before December 20, 2018. (Doc. No. 19, at 3-4).

CBD Industries' reliance on the PTO guidance is insufficient, however, to invalidate Majik's trademarks, because that guidance itself creates a contest of fact in this case. While noting that pre-December 2018 registrations encompassing CBD would be refused, the PTO also advised

4

that, "because of the enactment of the 2018 Farm Bill, the goods are now potentially lawful … Therefore, the examining attorney will provide such applicants the option of amending the filing date and filing basis of the application to overcome the [Controlled Substances Act] as a ground of refusal." *Examination Guide 1-19, Examination of Marks for Cannabis and Cannabis-Related Goods and Services after Enactment of the 2018 Farm Bill*, U.S. Pat. and Trademark Off. (May 2, 2019), at 2.

Curiously, the PTO followed neither prong of its own guidance, but the PTO's inaction is not controlling at this stage – accepting Majik's allegations as true and viewing the counterclaims in the light most favorable to Majik, Majik has met its burden. At the very least, viewing the PTO guidance in Majik's favor, Majik could amend its trademark filing date to December 20, 2018, saving its "CBD MD" mark and creating a plausible right to relief from trademark infringement. Moreover, "[e]ven without federal registration, a mark may be eligible for protection against infringement under both the Lanham Act and other sources of law," and thus, even if Majik's trademark was invalid before December 2018, the mark may still be eligible for protection now. *United States Pat. & Trademark Off. v. Booking.com B. V.*, 140 S. Ct. 2298, 2302 (2020). At this stage, however, such facts need not be resolved – Majik's counterclaims raise a right to relief above the speculative level, and CBD Industries' first objection is invalid.

CBD Industries' second objection is equally unsound. CBD Industries argues that Majik fails to provide any specific facts to support its counterclaims, and that Majik's allegations[2] cannot support a claim, notwithstanding the Magistrate Judge's blessing. (Doc. No. 50). In support of its motion to dismiss and in its objections, CBD Industries classifies Majik's claims as "conclusory

---

[2] Majik brings six counterclaims: trademark infringement (under both the Lanham Act and common law), false designation of origin and false description, cyberpiracy, and unfair and deceptive trade practices (under North Carolina statutes and common law).

5

Case 3:21-cv-00069-RJC-DCK   Document 52   Filed 03/09/23   Page 5 of 7

and formulaic," (Doc. No. 37; Doc. No. 50), and argues that these claims fail under Rule 12(b)(6). Because Federal Rules require only a "short and plain statement of the claim showing that the pleader is entitled to relief," and "[d]etailed factual allegations are not required," *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009), however, Majik must pose only sufficient factual matter to allow the Court to draw the reasonable inference that CBD Industries is liable for the misconduct alleged.

Majik's factual allegations are sufficient, as the Magistrate Judge acknowledged, and this Court need not repeat that analysis absent any new arguments from CBD Industries – "merely reiterating the same arguments made in the pleading submitted to the Magistrate Judge does not warrant de novo review," because "[a]llowing a litigant to obtain de novo review of the entire case by merely reformatting an earlier brief as an objection makes the initial reference to the magistrate useless." *Durkee*, 765 F. Supp. 2d at 747. Throughout its objections, CBD Industries repackages arguments in favor of its motion to dismiss, criticizing the Magistrate Judge for "seem[ing] to ignore the conclusory nature of Majik's allegations," (Doc. No. 50, at 13) and "failing to recognize that Majik does not allege any factual support." (Doc. No. 50, at 8).

While artful and passionate, these arguments are simple rearrangements of earlier pleadings, (Doc. No. 37, at 13, 15, 16, 17), and thus do not warrant de novo review. *See Durkee*, 765 F. Supp. 2d at 747. In any event, the Magistrate Judge correctly identified the factual allegations for each of Majik's six claims that, when taken as true, "state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 663; (Doc. No. 49, at 10-11) (facts supporting trademark infringement claims); (Doc. No. 49, at 12-14) (facts supporting false designation of origin claim, which are the same as those required for trademark infringement, and facts supporting false description claim); (Doc. No. 49, at 15) (facts supporting cyberpiracy claim); (Doc. No. 49, at 15-16) (facts supporting unfair and deceptive trade practices claims).

6

## IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 49), is **ADOPTED**; and

2. Defendants' Motion to Dismiss, (Doc. No. 36), is **DENIED**

Signed: March 9, 2023

Robert J. Conrad, Jr.
United States District Judge